IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BAKER MAYFIELD, EMILY MAYFIELD, and TEAM BRM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CAMWOOD CAPITAL MANAGEMENT GROUP, LLC, TEXAS CONTRACT MANUFACTURING GROUP, INC., UNITECH TOOL & MACHINE, INC., APEX MACHINING, INC., and LOR-VAN MANUFACTURING, INC.,<br><br>Defendants. | Civil No. 1:24-cv-1455 |

## COMPLAINT

NOW COME Plaintiffs BAKER MAYFIELD, EMILY MAYFIELD, and TEAM BRM, LLC (collectively, "Plaintiffs"), for their Complaint against Defendants CAMWOOD CAPITAL MANAGEMENT GROUP, LLC ("Camwood Capital"), TEXAS CONTRACT MANUFACTURING GROUP, INC. ("TCMG"), UNITECH TOOL & MACHINE, INC. ("Unitech"), APEX MACHINING, INC. ("Apex"), and LOR-VAN MANUFACTURING, INC. ("Lor-Van") (Camwood Capital, TCMG, Unitech, Apex, and Lor-Van are collectively, "Defendants"), allege as follows:

### Nature of the Case

1. Plaintiffs bring this action to recover substantial assets that were improperly taken from them and never repaid by Defendants.

2. From approximately 2018 to 2021, Defendants, a collection of interconnected entities with common ownership, transferred more than $12 million from Plaintiffs to themselves

without authorization, proper documentation, or adequate accounting of the transactions. Defendants then used those assets however they desired, including to fund acquisitions or to cover general operating expenses (such as to meet payroll obligations). For the period of time that Plaintiffs' funds were being funneled to Defendants, Plaintiffs were the primary source of funding and capitalization for Defendants. In exchange, Plaintiffs received nothing.

3. Once Plaintiffs began to uncover Defendants' misconduct and sought answers to explain the taking of their assets, Defendants attempted to obscure the relevant information, avoided Plaintiffs' inquiries, and invented fictional explanations for their actions. None of those efforts could alter the reality that Defendants took money from Plaintiffs with no plan or ability to repay it.

4. Plaintiffs and Defendants entered into a Confidential Settlement and Release Agreement effective January 23, 2024 (the "Settlement Agreement").

5. Pursuant to the Settlement Agreement: (1) Camwood Capital was obligated to repay a total of $11,741,000.00, plus interest, on a schedule beginning September 30, 2024; (2) Defendants were obligated to refinance an existing loan to free up capital to repay Plaintiffs the amounts owed; and (3) Defendants were obligated to provide Plaintiffs access to Defendants' books and records.

6. It is now clear that Defendants had no intention of making Plaintiffs whole when they entered into the Settlement Agreement. To date, Camwood Capital has not repaid even one dollar under the Settlement Agreement, Defendants have failed to refinance their existing loan, and Defendants have not provided Plaintiffs with access to their books and records (continuing a pattern and practice of preventing Plaintiffs from accessing pertinent information). In other words,

Defendants have satisfied none of their obligations and have refused even to respond to Plaintiffs' outreaches about those breaches.

7. As a result, Plaintiffs have been left with no choice but to file suit for breach of the Settlement Agreement to recover the assets improperly taken from them.

## Parties

8. Plaintiffs Baker Mayfield and Emily Mayfield are individuals domiciled in Tampa, Florida. Plaintiffs Baker Mayfield and Emily Mayfield have a fixed residence in Tampa, Florida and each intends to remain there indefinitely. Plaintiffs Baker Mayfield and Emily Mayfield own real and personal property in Tampa, are employed in Tampa, and maintain their family home in Tampa.

9. Plaintiff Team BRM, LLC ("TBRM") is a Texas limited liability company. Its members are Baker Mayfield and Emily Mayfield, each of whom is a citizen of Florida.

10. Camwood Capital is a Nevada limited liability company with its principal place of business in Austin, Texas. Camwood Capital's members are James W. Mayfield and Matt Mayfield, each of whom is a citizen of Texas.

11. TCMG is a Texas corporation with its principal place of business in Austin, Texas.

12. Unitech is a Texas corporation with its principal place of business in Austin, Texas. Unitech was acquired by TCMG in 2022. Another party to the Settlement Agreement, UTM MFG. Acquisition Corp., merged with Unitech.

13. Apex is a Texas Corporation with its principal place of business in Santa Clara, California. Apex was acquired by TCMG in 2019.

14. Lor-Van is a Texas Corporation with its principal place of business in Austin, Texas. Lor-Van was acquired by TCMG in 2021.

**Jurisdiction and Venue**

15. This Court has personal jurisdiction over Defendants because they transact business with companies located in Texas and entered into the Settlement Agreement at issue in this case in Texas.

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it arises between citizens of different states and the amount in controversy exceeds $75,000.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims for relief occurred in this district. Additionally, the Settlement Agreement provides that "Texas [is] the sole and exclusive forum for any and all controversies or claims arising out of or related to [the Settlement] Agreement."

**Background**

18. Beginning in 2018, substantial sums of money belonging to Baker and Emily Mayfield were transferred by Defendants, from Baker and Emily Mayfield's personal accounts and TBRM's accounts, primarily to TCMG.

19. Those funds were taken without authorization and with an apparent belief by Defendants that they need not be repaid. Defendants did not book or account for any indebtedness from TCMG (or any other Defendant) to Plaintiffs, nor did Plaintiffs receive any equity interest in any Defendant company.

20. Plaintiffs' assets were then distributed and used by Defendants seemingly however Defendants pleased, including to pay general operational expenses, without proper accounting or explanation.

21. Following Plaintiffs' discovery of the unauthorized transfers, the parties entered into the Settlement Agreement. As a term of the Settlement Agreement, Defendants agreed that

assets belonging to Plaintiffs totaling more than $12.2 million were transferred, directly or indirectly, from Plaintiffs to TCMG. The Settlement Agreement imposed certain repayment and reporting obligations on Defendants, at least three of which Defendants have materially breached.

### The Repayment Obligation

22. The Settlement Agreement provides that "Camwood Capital shall cause [TBRM] to be paid the total sum of Eleven Million Seven Hundred Forty-One Thousand Dollars and No Cents ($11,741,000.00)," plus interest, on an agreed-upon payment schedule.

23. The first obligation under that payment schedule required Camwood Capital to cause TBRM to receive $250,000.00, plus interest, on or before September 30, 2024.

24. Camwood Capital failed to cause TBRM to receive the $250,000.00 payment by September 30, 2024.

25. After that initial payment, to satisfy the entire repayment obligation, Camwood Capital is obligated to cause TBRM to receive: (1) $250,000.00, plus interest, on or before December 31, 2024; (2) $3,000,000.00, plus interest, on or before December 31, 2025; (3) $3,000,000.00, plus interest, on or before December 31, 2026; (4) $3,000,000.00, plus interest, on or before December 31, 2027; and (5) $2,241,000.00, plus interest, on or before December 31, 2028.

26. Camwood Capital has not caused TBRM to receive any payments under the Settlement Agreement.

27. Under the Settlement Agreement, the failure to make any one of the required settlement payments is an "Event of Default."

28. Upon the occurrence of an Event of Default, including the failure to make payments when due, all amounts due under the Settlement Agreement are accelerated and immediately due and payable, without any election by Plaintiffs.

29. Accordingly, Camwood Capital is obligated to immediately repay the full $11,741,000.00, plus interest, based on its failure to satisfy its payment obligations.

### The Refinance Obligation

30. TCMG, Apex, Lor-Van, Unitech, and UTM entered into a certain term loan agreement in approximately 2022 (the "Third Party Loan").

31. Pursuant to the Settlement Agreement, Defendants were obligated to refinance the Third Party Loan with a new lender, and prepay the entire outstanding principal and interest amount on the Third Party Loan, on or before September 30, 2024.

32. Defendants have failed to refinance the Third Party Loan. By emails dated August 30, 2024, September 5, 2024, and September 27, 2024, Plaintiffs (through counsel) requested information on the status of Defendants' refinance of the Third Party Loan. Defendants did not respond to any of those messages.

33. The September 30, 2024 deadline to refinance has passed, and Plaintiffs have received no information or confirmation that the refinance has occurred.

34. The failure to timely refinance the Third Party Loan by September 30, 2024 is an Event of Default under the Settlement Agreement.

35. Upon the occurrence of an Event of Default, including the failure to refinance the Third Party Loan, all amounts due under the Settlement Agreement are accelerated and immediately due and payable, without any election by Plaintiffs.

36. Accordingly, Camwood Capital is obligated to immediately repay the full $11,741,000.00, plus interest, based on Defendants' failure to refinance the Third Party Loan.

### The Books and Records Obligation

37. The Settlement Agreement obligates Defendants to provide Plaintiffs copies of all board materials and quarterly financial documents prepared by any of the Defendants as soon as

reasonably practicable after they are prepared, but in no event later than seven days after they are finalized.

38. Defendants have never provided Plaintiffs any of the required financial materials.

39. By emails dated August 30, 2024, September 5, 2024, and September 27, 2024, Plaintiffs (through counsel) requested the overdue books and records. Defendants did not respond to any of those messages.

40. The failure to timely provide access to Defendants' books and records is an Event of Default under the Settlement Agreement.

41. Upon the occurrence of an Event of Default, including the failure to provide access to books and records, all amounts due under the Settlement Agreement are accelerated and immediately due and payable, without any election by Plaintiffs.

42. Accordingly, Camwood Capital is obligated to immediately repay the full $11,741,000.00, plus interest, based on Defendants' failure to provide access to their books and records pursuant to the Settlement Agreement.

## **Count I – Breach of Contract**

43. Plaintiffs reallege and incorporate by reference Paragraphs 1–42 of this Complaint as if fully alleged in this Paragraph.

44. The Settlement Agreement is a valid and enforceable contract between Plaintiffs and Defendants.

45. Plaintiffs fully performed all of their obligations under the Settlement Agreement.

46. All conditions precedent to Plaintiffs' recovery and Defendants' liability have been performed or have occurred.

47. Camwood Capital materially breached the Settlement Agreement by failing to satisfy its repayment obligations.

48. Additionally, Defendants materially breached the Settlement Agreement by:

   (a) Failing to refinance the Third Party Loan; and

   (b) Failing to provide access to Defendants' books and records.

49. As a result of Defendants' material breaches, Camwood Capital is obligated to repay Plaintiffs the entire amount due and owing under the Settlement Agreement, including interest.

50. Defendants are jointly and severally liable for the repayment obligation because Defendants have abused their corporate forms as a sham to promote a fraud or injustice on Plaintiffs. Although Plaintiffs' money was primarily transferred directly to TCMG, Camwood Capital has asserted that it was the party who directed the transfers and sought to assume the repayment obligation. In reality, Plaintiffs believe the money was funneled through TCMG to fund various acquisitions, payroll obligations, loan servicing obligations, and other expenses among the Defendant entities. Defendants share common ownership and control, there is a lack of record keeping within the Defendant entities, and Defendants are inadequately capitalized. On information and belief, Camwood Capital did not maintain any financial statements during the relevant period, and neither Camwood Capital nor TCMG filed tax returns during the relevant period.

51. As a result of Defendants' breaches, Plaintiffs have been damaged in an amount of not less than $11,741,000.00, plus interest.

### Attorneys' Fees

52. Plaintiffs are entitled to their attorneys' fees under Section 38.001 of the Texas Civil Practice & Remedies Code.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants on Count I and order the following relief:

    (a)    The award of compensatory damages in an amount to be determined at trial, but not less than $11,741,000.00;

    (b)    Costs and attorneys' fees pursuant Tex. Civ. Code § 38.001;

    (c)    Pre- and post-judgment interest;

    (d)    Any other relief that the Court deems just and proper.

Respectfully submitted,

BAKER MAYFIELD, EMILY MAYFIELD, and TEAM BRM, LLC

By: /s/ Arianna G. Goodman
       Arianna G. Goodman

Arianna G. Goodman, TX Bar No. 24109938
Vedder Price P.C.
300 Crescent Court, Suite 400
Dallas, Texas 75201
T: +1 (469) 895 4800
F: +1 (469) 895 4802
agoodman@vedderprice.com

Jonathon P. Reinisch, IL Bar No. 6317528
Vedder Price P.C.
222 N. LaSalle St.
Chicago, Illinois 60601
T: +1 (312) 609 7500
F: +1 (312) 609 5005
jreinisch@vedderprice.com

Attorneys for Baker Mayfield, Emily Mayfield, and Team BRM, LLC

Dated: November 22, 2024